UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOUNDATION FOR ELDERCARE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA DEPARTMENT OF AGRICULTURE-DELAWARE DIVISION,<br><br>Defendant. | Civil Action No. |

# COMPLAINT

Plaintiff, Foundation for Eldercare, by way of Complaint against the Defendant, United States of America (Department of Agriculture-Delaware Division) says:

# PARTIES

1. Plaintiff, Foundation for Eldercare, is a Non-Profit Corporation domiciled at 1 Dunminning Road, Newtown Square, Pennsylvania 19073.

2. Defendant, United States of America, is a governmental entity with the Department of Agriculture-Delaware Division, ("USDA") responsible for review, consideration and approval for applications to address significant unfilled demand for moderate/low cost housing and attribute housing for appropriately priced building lots.

3. At all times material hereto, Defendant and its agents, servants and/or employees were to analyze, execute and approve loans and/or applications for site loans under applicable Federal Statute and Regulation, specifically 7 CFR 1822.274, 7 CFR 1822.271.

4. The Regulations set forth the qualifications and underwriting request in order to obligate funds.

5. Jurisdiction is proper in that the Defendant is the Federal Government and the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346, § 1491 and § 2674, as well as 28 U.S.C. § 2671-2680, and the local USDA office where the acts and/or omissions occurred is 1221 College Park Drive, Suite 200, Dover, Delaware 19904.

## VENUE

1. Venue is proper in this District as the United States and the USDA Division located in Dover, Delaware is within this District.

## FACTUAL ALLEGATIONS

1. On or about May 23, 2019, the USDA committed $1,897,646.00.

2. On or about June 12, 2019 USDA issued a clarification of the commitment letter of May 23, 2019 in which the requirements for closing the loan were explicitly recited. The commitment letter of June 12, 2019 is attached hereto as **Exhibit "A."**

3. The commitment was for the purpose of developing low income housing Lots located in Delaware.

4. After committing without requiring the EPA reports, and inducing Foundation for Elder Care to advise its land vendor, USDA's after added closing conditions made closing in a commercially reasonable time impossible.

5. Plaintiff complied with all obligations of the financing; and complied with all underwriting obligations for Section 525 financing previous to the negligently omitted

requirements for the EPA reports from it commitment and Defendant created underwriting requirements without basis or applicable law or regulation.

6. After receiving and accepting the terms of the Commitment Letter, Foundation advised the sellers of the land to be acquired and improved that subject to title and review by legal staff of USDA, Foundation was ready to close the subject loan.

7. After Plaintiff gave notice of the terms of the commitment letter to its vendor and without previous notice or discussion with Foundation, Defendant added the closing condition that the lands being financed be subjected to two environmental reports, each costing approximately $35,000 and together requiring five months to complete/be reviewed and have revised by USDA.

8. The resulting negligent misrepresentations and delay in the closing date, contrary to the documented representations of USDA which were negligently omitted from the previous drafts/and final commitments of the requirements for closing, directly caused Foundation to wrongly advise its land owners in the purchase contract.

9. This negligent misrepresentation and failure to accurately describe the conditions required to close and the five month resulting delay in USDA funding directly and proximately caused the land owners to cancel their agreements to sell the lands to Foundation and terminated all possibility of acquiring and improving and reselling the lots.

## COUNT ONE – NEGLIGENT MISREPRESENTATION/NEGLIGENCE

1. Plaintiff incorporates all allegations in the Complaint as if set forth fully herein.

2. Defendant negligently misrepresented it committed $1,897.646.00 to Plaintiff for developing low income housing in Delaware.

3. Plaintiff relied on Defendant's commitment and contracted with the seller of the land to develop the lots, resulting from Defendant's negligent delivery of the commitment letters, both of which failed to include the expensive and time consuming requirement for the EPA reports.

4. As a result of USDA's unreasonable and improper delays, USDA and Foundation were unable to proceed to closing the loan which would have financed purchase of the property and contracts with the various developers/contractors.

5. As a result of Defendant's negligence and misrepresentations, USDA and Foundation were unable to close and suffered damages of approximately $1,756,000.00. A breakdown in calculation of these damages was set forth in a letter to Janet Brittingham, Single Family Housing Program Director, Rural Development, in Dover, Delaware on or about January 11, 2021, and is attached hereto as **Exhibit "B."**

6. Plaintiff has complied with the requirements of the Federal Tort Claims Act ("FTCA").

7. As a result of the USDA's actions and administrative review of Plaintiff's claim, Defendant issued a "right to sue letter" on or about November 29, 2021 advising Plaintiff it could file a suit within six months of the letter.

8. Plaintiff has timely complied with the right to sue timing requirements and the FTCA.

**WHEREFORE**, Plaintiff demands compensatory damages due to USDA's negligent misrepresentation, negligence and its failure to comply with its own regulatory guidelines, attorneys' fees, costs, and all relief deemed appropriate by the Court.

*/s/ Holly M. Whitney*

_____
HOLLY M. WHITNEY, Bar ID #3881
Attorney for Plaintiff
Cooper Levenson, P.A.
1201 N. Orange St., Suite 713
Wilmington, DE 19801
302-409-3570
hwhitney@cooperlevenson.com

**Dated:  May 26, 2022**

CLAC 6947114.2